IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| WILLIAM DAVID TOMPKINS, #634238 | § | |
| VS. | § | CIVIL ACTION NO. 6:06cv182 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM OPINION and ORDER DISMISSING**

Petitioner William David Tompkins, a prisoner confined in the Texas prison system, brings, pursuant to 28 U.S.C. § 2254, this petition for a writ of habeas corpus challenging his conviction. The petition was referred for findings of fact, conclusions of law, and recommendations for disposition of the case.

This Court issued a Report and Recommendation, to which Petitioner filed objections. This Court ordered Respondent to respond to Petitioner's objection contending that his claim of actual innocence should toll the statute of limitations. Respondent responded, and subsequently the parties consented to proceed before a Magistrate Judge. In addressing Petitioner's Petition, this Court also has considered Petitioner's objections and Supplemental Reply to Respondent's Response addressing Petitioner's equitable tolling claim.

Petitioner asserts ineffective assistance of counsel, false testimony, insufficient evidence, and denial of his witnesses requested in support of his motion for a new trial. Petitioner was convicted and sentenced on May 21, 1992. The conviction was affirmed on appeal on January 6, 1994. On December 14, 1994, the petition for discretionary review was dismissed as improvidently granted. *Tompkins v. State*, 888 S.W.2d 825, 825 (Tex. Crim. App. 1994). On April 5, 2004, Petitioner filed a state application for habeas corpus, which was denied on August 3, 2004.

**Standards and Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law on April 24, 1996. Title 28 U.S.C. § 2244(d)(1) provides that a one-year statute of limitations for state prisoners' habeas cases shall run from the latest of the following four possible situations:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking direct review (28 U.S.C. § 2244(d)(1)(A));

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action (28 U.S.C. § 2244(d)(1)(B));

(C) the date on which the Supreme Court initially recognized and made retroactively applicable to cases on collateral review a constitutional right asserted (28 U.S.C. § 2244(d)(1)(C)); or

(D) the date on which the factual predicate of the claim(s) presented could have been discovered through the exercise of due diligence (28 U.S.C. § 2244(d)(1)(D)).

Petitioner has made no showing that unconstitutional state action prevented him from seeking habeas corpus relief in a timely manner. Petitioner has not shown that he is asserting a newly recognized constitutional right. Petitioner has not shown that he could not have discovered the factual predicates of his claims through exercise of due diligence until a later time. In the present case, the appropriate section to employ is Section 2244(d)(1)(A). Petitioner has not shown that any of the other provisions of § 2244(d) should apply.

On December 14, 1994, Petitioner's petition for discretionary review was dismissed as improvidently granted. Petitioner had ninety days in which to file a petition for writ of certiorari.

*See* Supreme Court Rule 13(1). Petitioner did not file a petition for writ of certiorari; consequently, the statute of limitations began to run on his claims on March 14, 1995, ninety days after his petition for discretionary review was dismissed on December 14, 1994, as improvidently granted. The present petition was due no later than March 14, 1996, absent tolling provisions.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2). On April 5, 2004, Petitioner filed a state application for habeas corpus, which was denied on August 3, 2004. The statute of limitations already had expired when Petitioner filed his state application for writ of habeas corpus; consequently, the state applications did not toll the statute of limitations.

The present petition was filed in this Court on April 20, 2006. Petitioner specified that he placed the petition in the prison mail system on April 17, 2006. In the case of a *pro se* prisoner, a habeas corpus petition should be deemed filed when the petition is handed over to prison authorities for mailing. *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002), *cert. denied* 539 U.S. 918 (2003).

**Equitable Tolling**

Petitioner asserts that 28 U.S.C. § 2244(d)(1)(D) excludes from the statute of limitations claims of actual innocence. Petitioner asserts that newly discovered evidence of false testimony still is being discovered and developed. Petitioner's assertions are, in effect, that he is entitled to equitable tolling because of newly discovered evidence of false testimony, which if shown, would establish his actual innocence.

To the extent that Petitioner asserts actual innocence, his equitable tolling arguments fail. Claims of actual innocence are insufficient reasons to equitably toll the AEDPA statute of

limitations in a 28 U.S.C. § 2254 case.  *Cousin*, 310 F.3d at 849.

The district court has the discretion to equitably toll the AEDPA limitations period in a 28 U.S.C. § 2254 case (*Salinas v. Dretke*, 354 F.3d 425, 431 (5th Cir. 2004), *cert. denied* 541 U.S. 1032), but only in extraordinary circumstances (*In re Bagwell*, 401 F.3d 312, 314 n. 2 (5th Cir. 2005); *Salinas*, 354 F.3d at 431).  Equitable tolling is a discretionary doctrine (*Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied* 531 U.S. 1164) turning on the facts and circumstances of each case (*Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000), *cert. denied* 531 U.S. 1035); consequently, equitable tolling does not lend itself to bright-line rules, and the courts draw on general principles to determine when equitable tolling is appropriate (*Fisher*, 174 F.3d at 713).

The petitioner bears the burden of establishing entitlement to equitable tolling in the AEDPA context.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000).  In a 28 U.S.C. § 2254 case, equitable tolling is warranted only in situations where the petitioner is actively misled by the respondent or is prevented in some extraordinary way from asserting his rights.  *Salinas*, 354 F.3d at 431.  Such extraordinary circumstances exist where a petitioner is misled by an affirmative, but incorrect, representation of a district court on which he relies to his detriment.  *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002), *cert. denied* 539 U.S. 918 (2003).  As a general rule, equitable tolling has been limited to situations where the petitioner has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the petitioner has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  *Clymore v. United States*, 217 F.3d 370, 375 (5th Cir. 2000).

Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting

the limitations period. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied* 526 U.S. 1074 (1999). At the same time, the Court is aware that dismissal of a first federal habeas petition is a particularly serious matter because that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty. *Lonchar v. Thomas*, 517 U.S. 314, 324 (1996); *Fisher*, 174 F.3d at 713.

Petitioner asserts ineffective assistance of counsel. Ineffective assistance of counsel is irrelevant to the tolling decision. *United States v. Riggs*, 314 F.3d at 799. Mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified. *Salinas*, 354 F.3d at 431. Petitioner has failed to show that extraordinary circumstances exist justifying equitable tolling of the limitations period.

## Conclusion

Petitioner did not file this petition until April 17, 2006, after the one-year period had expired. Petitioner has not shown that any principles of equitable tolling save his petition; consequently, the petition should be dismissed as time-barred. The Court accordingly,

**ORDERS**, **ADJUDGES,** and **DECREES** that this action is **DISMISSED WITH PREJUDICE**; and

**ORDERS** that the Report and Recommendation (dkt#12) is **WITHDRAWN** and all motions not previously ruled on are denied.

So **ORDERED** and **SIGNED** this **2** day of **October, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE

5